1  Rachel Kosmal McCart, OSB #091303
   Email: Rachel@equinelegalsolutions.com
2  Equine Legal Solutions, PC
   24150 S. Highland Crest Dr.
3  Beavercreek, OR 97004
   Telephone: (866) 385-2972
4  Fax: (503) 343-9680

5  Of Attorneys for Plaintiffs Rachel McCart and Erin McCart

6

                   IN THE UNITED STATES DISTRICT COURT
7
                     FOR THE DISTRICT OF OREGON
8
                         PORTLAND DIVISION
9

10 RACHEL MCCART and ERIN            )
   MCCART,                           )        No.
11                                   )
                 Plaintiffs          )
12          v.                       )        **COMPLAINT**
                                     )
13 CLIFFORD BEDDOW; CAROL            )        For Violation of
   BEDDOW; JEFFREY SIMONSON,         )        to 18 USC § 1962
14 HIDDEN ACRES REAL ESTATE, LLC;    )
   GOOD NEIGHBOR FARMS, LLC;         )
15 DONALD KOPSHY; ANGELA KOPSHY;     )
   CHARLES NEAL; JAY HASER;          )
16 GREENLAND HOLDINGS, INC.;         )
   HERBACEOUS FARMS, LLC; JOHN       )
17 DININO; ROBERT DININO; MARY       )
   CROSS, aka MARY TINKLER, aka MARY )
18 TINKLER CROSS; GRAND, LLC;        )
   WILLIAMS, LLC; BCC HOLDINGS, LLC;)
19 DAVID ALPORT; CFA RETAIL, LLC;    )
   MICHAEL J. GENOVESE; DIVINE KIND,)
20 INC.; NITIN KHANNA; TIDEWATER     )
   RETAIL, INC.; TIDEPOOL OREGON     )
21 CITY, INC.; TIDEPOOL CORVALLIS,   )
   INC.; TIDEPOOL EAST, INC.;        )
22 TIDEPOOL MILWAUKIE, INC.;         )
   TIDEPOOL NORTHEAST, INC.;         )

Page 1 –COMPLAINT

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

| | |
|---|---|
| 1 | GREENLINK RETAIL, INC.; SALMON   ) |
| | RUN HOLDINGS, LLC; TIDEPOOL      ) |
| 2 | CANNON BEACH, INC.; CASE VAN     ) |
| | DORNE; JASON CAIN; JOEL JENNINGS;) |
| 3 | JIN'S INC.; FRANK CHIN;          ) |
| | NECTAR MARKETS, LLC; JEREMY R.   ) |
| 4 | PRATT; JIMS LLC; MICHAEL         ) |
| | CHAPPEL; UPLIFT BOTANICALS, LLC; ) |
| 5 | JAMES M. FISHER; KEVIN L. FISHER;) |
| | and BANK OF AMERICA, N.A.,       ) |
| 6 |                                  ) |
| | Defendants                       ) |
| 7 |                                  ) |
| |                                  ) |
| 8 | |

COME NOW, Plaintiffs Rachel McCart and Erin McCart, and hereby allege as follows.

**INTRODUCTION**

1.

Plaintiffs are Oregon property owners who have suffered injury to their property as a result of marijuana being produced and trafficked from two properties adjacent to Plaintiffs' property.  Plaintiffs seek redress under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), which requires those who engage in racketeering activity, including the production and sale of marijuana as a controlled substance, to pay treble damages and costs to those whom they injure.

**JURISDICTION AND VENUE**

2.

Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over claims brought under 18 U.S.C. § 1964.

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1

3.

2    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the

3    events giving rise to this action took place in, and continue to take place in, Oregon.

4

**PARTIES**

5

4.

6    Plaintiffs own and reside on real property located at 24150 S. Highland Crest

7    Drive in Beavercreek, Oregon.

8

5.

9    Defendants Clifford Beddow and Carol Beddow (collectively, the "Beddow

10    Defendants") own the real property located at 24200 S. Highland Crest Drive in

11    Beavercreek, Oregon (the "Beddow Property").   The Beddow Property adjoins the south

12    side of Plaintiffs' property and as further described herein, is the site of commercial

13    marijuana production and processing facilities.

14

6.

15    Defendant Hidden Acres Real Estate, LLC ("Defendant Hidden Acres") is an

16    Oregon limited liability company with its principal place of business at the Beddow

17    Property. Defendant Simonson owns and directs the operations of Defendant Hidden

18    Acres.  As further described herein, Defendant Hidden Acres participated in the

19    marijuana operation.

20

7.

21    Defendants Simonson, Angela Kopshy and Donald Kopshy reside on the Beddow

22    Property, and, as further described herein, conducted and participated in the marijuana

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1 | operation.

2 | 8.

3 | Defendant Herbaceous Farms, LLC ("Defendant Herbaceous") is an Oregon

4 | limited liability company with its principal place of business at the Beddow Property.

5 | Defendant Simonson and Defendant Neal own and direct the operations of Defendant

6 | Herbaceous.  As further described herein, Defendant Herbaceous participated in the

7 | marijuana operation.

8 | 9.

9 | Defendant Good Neighbor Farms, LLC ("Defendant Good Neighbor") is an

10 | Oregon limited liability company with its principal place of business at the Beddow

11 | Property. Defendants Simonson, Angela Kopshy and Donald Kopshy own and direct the

12 | operations of Defendant Good Neighbor.  As further described herein, Defendant Good

13 | Neighbor participated in the marijuana operation.

14 | 10.

15 | Defendant Greenland Holdings, Inc. ("Defendant Greenland") is an Oregon

16 | corporation with its principal place of business at the Beddow Property.  Defendant Neal

17 | owns and directs the operations of Defendant Greenland.  As further described herein,

18 | Defendant Greenland participated in the marijuana operation.

19 | 11.

20 | Defendants John Dinino, Robert Dinino and Cross (collectively, the "Dinino

21 | Defendants") live at 21796 South Lower Highland Road in Beavercreek, Oregon (the

22 | "Dinino Property").  The Dinino Property adjoins the east side of Plaintiffs' property and

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1    as further described herein, is the site of commercial marijuana production facilities.

2                                              12.

3           "Bridge City Collective" is registered with the Oregon Secretary of State as the

4    assumed business name of Defendant Grand, LLC ("Defendant Grand"), an Oregon

5    limited liability company; Defendant Williams, LLC ("Defendant Williams"), an Oregon

6    limited liability company; and Defendant BCC Holdings, LLC ("Defendant BCC"), an

7    Oregon limited liability company.  Defendant Alport owns and directs the operations of

8    Defendants Grand, Williams and BCC (collectively, with Defendant Alport, the "Bridge

9    City Collective Defendants").  As "Bridge City Collective," the Bridge City Collective

10   Defendants operate retail marijuana sale facilities in Portland, Oregon. As further

11   described herein, the Bridge City Collective Defendants purchased and resold marijuana

12   produced on the Beddow Property and/or the Dinino Property.

13                                             13.

14          "Chalice Farms" is registered with the Oregon Secretary of State as the assumed

15   business name of Defendant CFA Retail, LLC ("Defendant CFA"), an Oregon limited

16   liability company. Defendant Genovese owns and directs the operations of Defendant

17   CFA (collectively, with Defendant Genovese, the "Chalice Defendants"). As "Chalice

18   Farms," the Chalice Defendants operate retail marijuana sale facilities in Dundee, Tigard

19   and Portland, Oregon. As further described herein, the Chalice Defendants purchased and

20   resold marijuana produced on the Beddow Property and/or the Dinino Property.

21                                             14.

22          "Divine Kind" is registered with the Oregon Secretary of State as the assumed

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1  business name of Defendant Divine Kind, Inc. ("Defendant Divine Kind"), an Oregon

2  corporation.  At all relevant times, Defendant Khanna owned and directed the operations

3  of Defendant Divine Kind (collectively, with Defendant Khanna, the "Divine Kind

4  Defendants"). As "Divine Kind," the Divine Kind Defendants operated retail marijuana

5  sale facilities in Portland, Oregon. As further described herein, the Divine Kind

6  Defendants purchased and resold marijuana produced on the Beddow Property and/or the

7  Dinino Property.

8                                            15.

9          "Five Zero Trees" is registered with the Oregon Secretary of State as the assumed

10  business name of Defendants Tidewater Retail, Inc. ("Defendant Tidewater Retail"), an

11  Oregon corporation; Tidepool Oregon City, Inc. ("Defendant Tidepool OC"), an Oregon

12  corporation; Tidepool Corvallis, Inc. ("Defendant Tidepool Corvallis"), an Oregon

13  corporation; Tidepool East, Inc. ("Defendant Tidepool East"), an Oregon corporation;

14  Tidepool Milwaukie, Inc. ("Defendant Tidepool Milwaukie"), an Oregon corporation;

15  Tidepool Northeast, Inc. ("Defendant Tidepool NE"), an Oregon corporation; Greenlink

16  Retail, Inc. ("Defendant Greenlink"), an Oregon corporation; Salmon Run Holdings, LLC

17  ("Defendant Salmon Run"), an Oregon limited liability company; and Tidepool Cannon

18  Beach, Inc. ("Defendant Tidepool CB"), an Oregon corporation.  Defendants Van Dorne

19  and Jennings own and direct the operations of Defendants Greenlink and Salmon Run.

20  Defendants Van Dorne and Cain own and direct the operations of Defendant Tidewater

21  Retail.  Defendants Van Dorne, Cain and Jennings own and direct the operations of

22  Defendants Tidepool OC, Tidepool Corvallis, Tidepool East, Tidepool Milwaukie,

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1    Tidepool NE and Tidepool CB.  All above-described entities, with Defendants Van

2    Dorne, Cain and Jennings, are the "Five Zero Trees Defendants."  As "Five Zero Trees,"

3    the Five Zero Trees Defendants operate retail marijuana sale facilities in Portland,

4    Oregon. As further described herein, the Five Zero Trees Defendants purchased and

5    resold marijuana grown on the Beddow Property and/or the Dinino Property.

6                                          16.

7            "Green Apple NW" is registered with the Oregon Secretary of State as the

8    assumed business name of Defendant Jin's Inc. ("Defendant Jin's"), an Oregon

9    corporation.  Defendant Chin owns and directs the operations of Defendant Jin's

10   (collectively, with Defendant Chin, the "Green Apple Defendants").  As "Green Apple

11   NW," the Green Apple Defendants operate a retail marijuana sale facility in Damascus,

12   Oregon. As further described herein, the Green Apple Defendants purchased and resold

13   marijuana grown on the Beddow Property and/or the Dinino Property.

14                                         17.

15           Doing business as "Nectar," and "Nectar PDX," Defendant Nectar Markets, LLC

16   ("Defendant Nectar"), an Oregon limited liability company, operates retail marijuana sale

17   facilities in Portland, Gresham, Eugene and Tillamook, Oregon. Defendant Pratt owns

18   and directs the operations of Defendant Nectar (collectively, with Defendant Pratt, the

19   "Nectar Defendants").  As further described herein, the Nectar Defendants purchased and

20   resold marijuana grown on the Beddow Property and/or the Dinino Property.

21                                         18.

22           Doing business as "Silver Stem Fine Cannabis," Defendant Jims LLC

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1   ("Defendant Jims"), an Oregon limited liability company, operates a retail marijuana sale

2   facility in Portland, Oregon. Defendant Chappel owns and directs the operations of

3   Defendant Jims (together with Defendant Chappel, the "Silver Stem Defendants").  As

4   further described herein, the Silver Stem Defendants purchased and resold marijuana

5   grown on the Beddow Property and/or the Dinino Property.

6                                              19.

7          Defendant Uplift Botanicals, LLC ("Defendant Uplift"), an Oregon limited

8   liability company, operates a retail marijuana sale facility at 5421 NE 33rd Avenue,

9   Portland, Oregon. Defendant James Fisher and Defendant Kevin Fisher own and direct

10  the operations of Defendant Uplift (collectively, with Defendants James Fisher and Kevin

11  Fisher, the "Uplift Defendants"). As further described herein, the Uplift Defendants

12  purchased and resold marijuana grown on the Beddow Property and/or the Dinino

13  Property.

14                                             20.

15         Defendant Bank of America, N.A. ("Defendant Bank of America") is a nationally

16  chartered banking association with its principal place of business in North Carolina.

17  Defendant Bank of America does business in Oregon and holds a mortgage on the

18  Beddow Property.  As further described herein, Defendant Bank of America knowingly

19  allowed the Beddow Property to be used for the production and processing of marijuana,

20  and profited from such use.

21

22

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1

**STATEMENT OF FACTS**

2

**Federal Law Prohibits the Production and Distribution of Marijuana**

3

21.

4        Marijuana is a Schedule I drug under the Controlled Substances Act of 1970

5   ("Controlled Substances Act"), and its manufacture, distribution and possession are

6   federal criminal offenses.  *See* 21 U.S.C. § 812, 823, 841, 844.   In addition to prohibiting

7   producing, possessing and selling marijuana, the Controlled Substances Act also forbids a

8   wide range of other activities connected with the operations of a marijuana business.  It is

9   a crime to possess "any equipment, chemical, product or material" with the intent of

10  using it to manufacture marijuana, or to distribute any such material with the knowledge

11  that it will be used to manufacture marijuana.  *Id.*, § 843(a)(6) and (7).  The Controlled

12  Substances Act prohibits using a telephone, email, mail or any other "communication

13  facility" to further the manufacture or sale of marijuana, and it is a federal crime to use

14  the Internet to advertise marijuana for sale.  *Id.*, § 843(b) and 843(c)(2)(A).  Reinvesting

15  the proceeds from marijuana operations is also a crime, as is knowingly facilitating a

16  financial transaction involving funds derived from manufacturing and selling marijuana.

17  *Id.*, § 854(a) and 18 U.S.C. § 1956(a)(1), 1956(h) and 1957(a).

18

22.

19        These criminal prohibitions on virtually every aspect of the marijuana business

20  make the federal policy unmistakably clear:  Marijuana is a dangerous drug banned

21  throughout the United States.  And because RICO defines most Controlled Substances

22  Act violations as "racketeering activity," any business engaged in the production and sale

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1   of marijuana is a criminal enterprise for the purposes of federal law.  18 U.S.C. §

2   1961(1)(D).  Those who conduct, participate in or conspire to assist such enterprises are

3   subject to the severe criminal sanctions and civil liability RICO imposes.

4                                               23.

5          Despite the strict federal prohibitions on virtually every aspect of the marijuana

6   business, Oregon has adopted a regulatory scheme intended to promote, regulate and tax

7   this illegal industry.  However, the State of Oregon has no power to do so.  The

8   Supremacy Clause contained in Article VI of the United States Constitution provides the

9   "Constitution and the Laws of the United States" are "the supreme Law of the Land."

10  Accordingly, state laws contrary to federal law are null and void.  If the citizens of

11  Oregon want to change marijuana law, they must do so via their elected representatives in

12  Congress, not at the state ballot box.

13                  **Defendants Violated the Controlled Substances Act**

14                        **and Engaged in Money Laundering**

15                                               24.

16         For their mutual and individual profit, all Defendants formed an association in

17  fact (the "Main Enterprise") for the purpose of producing, processing marijuana and

18  selling marijuana.  Given the strict federal prohibitions against each of those purposes,

19  Defendants knew these purposes could only be accomplished via a pattern of

20  racketeering.  In furtherance of that goal, Defendants pooled their resources and achieved

21  enterprise efficiency that no one Defendant could have achieved individually.

22

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

25.

Beginning on or about December 2014, the Beddow Defendants conspired with each other and Defendants Simonson, Angela Kopshy and Donald Kopshy to violate 21 U.S.C. § 856(a) by using the Beddow Property to produce and process marijuana, to violate 21 U.S.C. § 843(a)(6) by purchasing and installing equipment, fixtures and materials on the Beddow Property for the purposes of producing and processing marijuana, and to violate 21 U.S.C. § 841(a)(1) by producing marijuana, possessing marijuana with intent to distribute and distributing marijuana.

26.

In violation of 21 U.S.C. § 856(a), the Beddow Defendants entered into a lease agreement on or about February 2015 with Defendant Hidden Acres pursuant to which the Beddow Defendants leased the Beddow Property to Defendant Hidden Acres for the purpose of producing and processing marijuana.   Thereafter, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), Defendant Hidden Acres engaged in a series of financial transactions in which it knowingly received proceeds from the production, processing and sale of marijuana, including marijuana produced on the Beddow Property and the Dinino Property, with the intent to promote such illegal activities.  In violation of 18 U.S.C. § 1956(a)(1)(B)(i), Defendant Hidden Acres also knowingly engaged in a series of financial transactions involving the proceeds of marijuana production, processing and sale that it knew was designed to conceal the illegal nature and/or source of such proceeds.

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1                                                    27.

2          On or about February 2015, Defendants Simonson, Angela Kopshy and Donald

3    Kopshy moved onto the Beddow Property to oversee the marijuana production and

4    processing operation. Defendants Simonson, Angela Kopshy, Donald Kopshy, Neal,

5    Haser, Hidden Acres, Herbaceous, Good Neighbor and Greenland (collectively, the

6    "Marijuana Producer Defendants") conspired with each other to violate 21 U.S.C. §

7    856(a) by using the Beddow Property to produce and process marijuana, to violate 21

8    U.S.C. § 843(a)(6) by purchasing and installing equipment, fixtures and materials on the

9    Beddow Property for the purposes of producing and processing marijuana, and to violate

10   21 U.S.C. § 841(a)(1) by producing marijuana, possessing marijuana with intent to

11   distribute, and distributing marijuana.

12                                                   28.

13         During the period from December 2014-the present, the Marijuana Producer

14   Defendants violated 21 U.S.C. § 843(a)(6) by purchasing and installing the following

15   items on the Beddow Property for the purpose of producing and processing marijuana:

16   Tables, insulation, drywall, lighting, fans, climate control equipment and fixtures, water

17   pumps, power generators, propane tanks and burners, electrical circuits, plumbing and

18   surveillance and security equipment and fixtures.  In violation of 21 U.S.C. § 843(a)(6),

19   during the period from December 2014-the present, the Marijuana Producer Defendants

20   also purchased and brought the following items to the Beddow Property for the purpose

21   of producing and processing marijuana:  Planting media, plant containers, netting, pallets,

22   diesel fuel, butane, fungicides, fertilizers, pest control equipment and supplies, hand

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1    tools, butane containers, trimming equipment, processing equipment and packaging

2    materials.

3                                    29.

4         On or about January 2015, the Dinino Defendants conspired with each other, the

5    Beddow Defendants and the Marijuana Producer Defendants to violate 21 U.S.C. §

6    843(a)(6) by assisting the Marijuana Producer Defendants in developing the Beddow

7    Property for marijuana production and processing.  The Dinino Defendants violated 21

8    U.S.C. § 843(a)(6) by excavating trenches for upgraded electrical service to the Beddow

9    Property, excavating trenches for water lines, grading, delivering and distributing gravel,

10   moving large rocks, and assisting the Marijuana Producer Defendants in relocating the

11   well head on the Beddow Property.  In violation of 18 U.S.C. § 1956(a)(1)(A) and as

12   compensation for their services on the Beddow Property, the Dinino Defendants engaged

13   in a series of financial transactions in which they knowingly received proceeds from the

14   sale of marijuana with the intent to promote the unlawful production and processing of

15   marijuana on the Beddow Property.

16                                   30.

17        During 2015, in violation of 21 U.S.C. § 843(a)(6), the Marijuana Producer

18   Defendants converted a horse barn on the Beddow Property into a fully operational

19   marijuana production and processing facility.  The Marijuana Producer Defendants also

20   violated 21 U.S.C. § 843(a)(6) by taking the following actions to convert other areas of

21   the Beddow Property for use in the marijuana operation:  Outfitting a fishing cabin with

22   electrical power, water, equipment and fixtures; constructing a plywood structure known

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1    as the "chapel," erecting a tall wooden fence around the former horse barn and outfitting

2    a structure known as the "pump house" for use in processing and packaging harvested

3    marijuana.

4                                          31.

5            The Dinino Defendants conspired with each other to violate 21 U.S.C. § 856(a) by

6    using the Dinino Property to produce and process marijuana, to violate 21 U.S.C. §

7    843(a)(6) by purchasing and installing equipment, fixtures and materials on the Dinino

8    Property for the purposes of producing and processing marijuana, and to violate 21

9    U.S.C. § 841(a)(1) by producing marijuana, possessing marijuana with intent to distribute

10   and distributing marijuana.

11                                         32.

12           During the period from February 2015-the present, the Dinino Defendants

13   violated 21 U.S.C. § 841(a)(1) by producing and processing marijuana on the Dinino

14   Property.  The Dinino Defendants also violated 21 U.S.C. § 841(a)(1) by possessing

15   marijuana with the intent to distribute it.

16                                         33.

17           During the period from February 2015-the present, the Marijuana Producer

18   Defendants violated 21 U.S.C. § 841(a)(1) by producing and processing marijuana on the

19   Beddow Property.  The Marijuana Producer Defendants also violated 21 U.S.C. §

20   841(a)(1) by possessing marijuana with the intent to distribute it.

21                                         34.

22           The Dinino Defendants and the Marijuana Producer Defendants conspired with

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1  each other, the Bridge City Collective Defendants, the Chalice Defendants, the Divine

2  Kind Defendants, the Five Zero Trees Defendants, the Green Apple Defendants, the

3  Nectar Defendants and the Uplift Defendants (collectively, the "Dispensary Defendants")

4  to violate 21 U.S.C. § 841(a)(1) by distributing marijuana.   The Dinino Defendants and

5  the Marijuana Producer Defendants violated 21 U.S.C. § 841(a)(1) by selling marijuana,

6  including marijuana produced and processed on the Beddow Property and the Dinino

7  Property, to the Dispensary Defendants.

8                                          35.

9        To facilitate their violations of the Controlled Substances Act, each of the

10  Beddow Defendants, the Marijuana Producer Defendants and the Dinino Defendants

11  violated 21 U.S.C. § 843(b) by communicating via telephone, text messaging, email and

12  social media.  Defendants Herbaceous and Good Neighbor also violated 21 U.S.C. §

13  843(c) by advertising marijuana for sale on the Internet via their websites, other websites

14  such as Leafly.com and Weedmaps.com, and social media such as Facebook and Twitter.

15                                         36.

16        The Beddow Defendants, the Marijuana Producer Defendants and the Dinino

17  Defendants violated 18 U.S.C. § 1956(a)(1)(A)(i) by engaging in a series of financial

18  transactions in which they knowingly received proceeds from the production, processing

19  and sale of marijuana, including marijuana produced on the Beddow Property and the

20  Dinino Property, with the intent to promote such illegal activities. The Beddow

21  Defendants, the Marijuana Producer Defendants and the Dinino Defendants violated 18

22  U.S.C. § 1956(a)(1)(B)(i) by knowingly engaged in a series of financial transactions

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1    involving the proceeds of marijuana production, processing and sale that they knew were

2    designed to conceal the illegal nature and/or source of such proceeds.

3                                    37.

4            Each of the Dispensary Defendants conspired with the Marijuana Producer

5    Defendants and the Dinino Defendants to violate 21 U.S.C. § 841(a)(1) by purchasing

6    and selling marijuana produced on the Beddow Property and/or the Dinino Property.

7    Each of the Dispensary Defendants violated 21 U.S.C. § 841(a)(1) by purchasing

8    marijuana from the Marijuana Producer Defendants, including marijuana produced on the

9    Beddow Property and/or the Dinino Property.  In further violation of 21 U.S.C. §

10   841(a)(1), each of the Dispensary Defendants then resold the marijuana.  The Dispensary

11   Defendants each violated 18 U.S.C. § 1956(a)(1)(A)(i) by engaging in a series of

12   financial transactions in which they knowingly received proceeds from the production,

13   processing and sale of marijuana, including marijuana produced on the Beddow Property

14   and the Dinino Property, with the intent to promote such illegal activities.

15                                   38.

16           To facilitate their violations of the Controlled Substances Act, each of the

17   Dispensary Defendants violated 21 U.S.C. § 843(b) by communicating via telephone, text

18   messaging, email and social media.  In violation of 21 U.S.C. § 843(c), each of the

19   Dispensary Defendants advertised marijuana for sale on the Internet via their websites,

20   other websites such as Leafly.com and Weedmaps.com, and social media such as

21   Facebook and Twitter.

22

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

39.

Defendant Bank of America holds the mortgage on the Beddow Property.  As the mortgagee of the Beddow Property, Defendant Bank of America controls the Beddow Property.  In November 2015, Bank of America received written notice that the Beddow Defendants, the mortgagors, were leasing the Beddow Property to Defendant Hidden Acres for the purpose of producing and processing marijuana, that marijuana was being produced and processed on the Beddow Property, and that the Beddow Defendants were investors in the marijuana production and processing operation.  In violation of 18 U.S.C. § 856(a)(2), since November 2015, Defendant Bank of America has knowingly permitted the production and processing of marijuana to continue on the Beddow Property, and derived a profit from such activity via the monthly mortgage payments it received.  Since November 2015, in violation of 21 U.S.C. § 843(b), Defendant Bank of America has communicated via mail with the Beddow Defendants to facilitate use of the Beddow Property in violation of 18 U.S.C. § 856(a)(2).

**Defendants' Marijuana Activities Affected Interstate Commerce**

40.

In January 2017, the Drug Enforcement Section of the Oregon State Police published a report entitled "A Baseline Evaluation of Cannabis Priorities in Oregon." The report stated, among other findings, "Diverted Oregon cannabis has an expansive geographic footprint and has been detected outside of the United States…Oregon originated cannabis is trafficked to known distribution hubs across the Southeastern, Midwestern, and Northeastern United States."

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

41.

Defendants' marijuana activities directly affected interstate commerce.  Each Defendant received proceeds from the production, processing and sale of marijuana, deposited proceeds into the federal banking system, and used proceeds to purchase goods and services that traveled in interstate commerce.  The marijuana production and processing operations on the Beddow Property and the Dinino Property were developed and operated with funds, goods and services that traveled in interstate commerce.

42.

Marijuana produced and processed on the Beddow Property and the Dinino Property directly and indirectly entered interstate commerce.  Vehicles with license plates from states other than Oregon, including Washington, Idaho, California and Virginia regularly came and went from the marijuana operation on the Beddow Property.  Cargo trailers and U-Haul trucks exited the Beddow Property in the middle of the night and passenger vehicles with cargo pods on the roof regularly came and went from the marijuana operation on the Beddow Property.

43.

Marijuana distributed by the Bridge City Collective Defendants, including marijuana produced on the Beddow Property and/or the Dinino Property, affected interstate commerce.  The Bridge City Collective Defendants advertise "menus" of their retail stores' marijuana offerings, including prices, on national marijuana directories Leafly.com and Weedmaps.com.  Yelp.com reviewers of the Bridge City Collective Defendants' retail marijuana store identify themselves as being from Falls Church,

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1  Virginia; Vancouver, Washington; Seattle, Washington; La Jolla, California; Morrison,

2  Colorado; Studio City, California; and Philadelphia, Pennsylvania.  The Bridge City

3  Collective Defendants used proceeds from the sale of marijuana, including the sale of

4  marijuana produced on the Beddow Property and/or the Dinino Property, to purchase

5  goods and services that traveled in interstate commerce.

6                                              44.

7         Marijuana distributed by the Chalice Defendants, including marijuana produced

8  on the Beddow Property and/or the Dinino Property, affected interstate commerce.  One

9  of the Chalice Defendants' retail marijuana stores is in Dundee, Oregon, the heart of

10  Willamette Valley wine country and a popular tourist destination.  Another of the Chalice

11  Defendants' retail locations is "located minutes from Portland International Airport."

12  BridgeTown Weed Tours, a marijuana-focused tour provider whose customers are

13  primarily out of state visitors, lists Chalice Farms as one of its "partners." Yelp.com

14  reviewers of Chalice Farms retail marijuana stores identify themselves as being from

15  Baton Rouge, Louisiana; North Hollywood, California; Santa Rosa, California; San

16  Diego, California; and Dallas, Texas.   The Chalice Defendants advertise "menus" of its

17  retail stores' marijuana offerings, including prices, on national marijuana directories

18  Leafly.com and Weedmaps.com.  The Chalice Defendants used proceeds from the sale of

19  marijuana, including the sale of marijuana produced on the Beddow Property and/or the

20  Dinino Property, to purchase goods and services that traveled in interstate commerce.

21                                              45.

22         Marijuana distributed by the Divine Kind Defendants, including marijuana

Page 19 –COMPLAINT

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1  purchased from the Marijuana Producers, affected interstate commerce.

2  Kushtourism.com contains a listing for the Divine Kind Defendants' retail store with the

3  Divine Kind logo, store location, phone number and hours of operation.  The Divine Kind

4  Defendants' retail marijuana store, which is now owned by Defendant Nectar, included

5  out of state customers - Yelp.com reviewers identified themselves as being from

6  Hollywood, California and Woodland, California.  The Divine Kind Defendants used

7  proceeds from the sale of marijuana, including the sale of marijuana produced on the

8  Beddow Property and/or the Dinino Property, to purchase goods and services that

9  traveled in interstate commerce.

10                                          46.

11           Marijuana distributed by the Five Zero Trees Defendants, including marijuana

12  purchased from the Marijuana Producer Defendants, affected interstate commerce.  The

13  Five Zero Trees Defendants advertise "menus" of their retail stores' marijuana offerings,

14  including prices, on national marijuana directories Leafly.com and Weedmaps.com.

15  Kushtourism.com contains a listing for each of the two Five Zero Trees retail marijuana

16  stores, includes the Five Zero Trees logo, store address, phone number and hours of

17  operation.  Customers of the Five Zero Trees retail marijuana stores include out of state

18  customers - one of the eight Yelp.com reviewers of the Five Zero Trees Defendants'

19  marijuana retail stores identifies herself as being from Chicago, Illinois.  The Five Zero

20  Trees Defendants used proceeds from the sale of marijuana, including the sale of

21  marijuana produced on the Beddow Property and/or the Dinino Property, to purchase

22  goods and services that traveled in interstate commerce.

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

47.

Marijuana distributed by the Green Apple Defendants, including marijuana purchased from the Marijuana Producers, affected interstate commerce.  Although the Green Apple Defendants' "Green Apple NW" retail marijuana store is currently approved for marijuana sales only to Oregon Medical Marijuana Program cardholders, one of its three Yelp.com reviewers identifies herself as being from Prescott, Arizona.   The Green Apple Defendants also advertise on Leafly.com, a national marijuana directory, that their retail marijuana store is "your last stop between Portland and Mt. Hood," and both Portland and Mt. Hood are very popular destinations for out of state tourists.  The Green Apple Defendants advertise "menus" of their retail store's marijuana offerings, including photos and prices, on national marijuana directories Leafly.com and Weedmaps.com. The Green Apple Defendants used proceeds from the sale of marijuana, including the sale of marijuana produced on the Beddow Property and/or the Dinino Property, to purchase goods and services that traveled in interstate commerce.

48.

Marijuana distributed by the Nectar Defendants, including marijuana purchased from the Marijuana Producer Defendants, affected interstate commerce.  The Nectar Defendants advertise their retail marijuana stores as "one of the largest dispensary chains in Oregon."  One of the Nectar Defendants' retail marijuana stores is located in Tillamook, Oregon, an Oregon coast destination popular with out of state tourists. Another is located in Eugene, Oregon, home of the University of Oregon, where 48.9% of the 2016 fall semester student body was from outside Oregon.  Yelp.com reviewers of

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1  the Nectar Defendants' marijuana retail stores identify themselves as being from

2  Vancouver, Washington; New York, New York; San Luis Obispo, California; Torrance,

3  California; Delray Beach, Florida; Mercer Island, Washington; Nevada City, California

4  and St. George, Utah.  Kushtourism.com contains listings with the Nectar logo for several

5  of the Nectar Defendants' retail marijuana stores, including addresses, phone numbers

6  and hours of operation.  The Nectar Defendants advertise "menus" of their retail stores'

7  marijuana offerings, including prices, on national marijuana directories Leafly.com and

8  Weedmaps.com.  BridgeTown Weed Tour, a marijuana-focused tour provider whose

9  customers are primarily out of state visitors, lists Defendant Nectar as one of its

10  "partners."  The Nectar Defendants used proceeds from the sale of marijuana, including

11  the sale of marijuana produced on the Beddow Property and/or the Dinino Property, to

12  purchase goods and services that traveled in interstate commerce.

13                                              49.

14          Marijuana distributed by the Silver Stem Defendants, including marijuana

15  purchased from the Marijuana Producer Defendants, affected interstate commerce.  In

16  addition to the Silver Stem Defendants' "Silver Stem" retail marijuana store in Portland,

17  Oregon, "Silver Stem Fine Cannabis" also operates retail marijuana sale facilities in

18  Denver, Littleton, Nederland, Boulder and Fraser, Colorado.   Customers of the Oregon

19  store include out of state visitors - one of the six Yelp.com reviewers of the Silver Stem

20  Defendants' Portland "Silver Stem" retail location identifies himself as being from New

21  York, New York. "Menus" of the Silver Stem Defendants' retail stores' marijuana

22  offerings, including prices, are advertised on national marijuana directories Leafly.com

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1   and Weedmaps.com.  The Silver Stem Defendants used proceeds from the sale of

2   marijuana, including the sale of marijuana produced on the Beddow Property and/or the

3   Dinino Property, to purchase goods and services that traveled in interstate commerce.

4                                      50.

5          Marijuana distributed by the Uplift Defendants, including marijuana purchased

6   from the Marijuana Producer Defendants, affected interstate commerce.  Customers of

7   the Uplift Defendants' retail marijuana store include out of state visitors - of its six

8   Yelp.com reviews, two are from out of state: Bedford, Texas and Mountain View,

9   California.  The Uplift Defendants advertise "menus" of their retail store's marijuana

10  offerings, including prices, on national marijuana directories Leafly.com and

11  Weedmaps.com.  On Leafly.com, reviewer "iespinosa154" commented, "Great first stop

12  after landing at PDX."  Kushtourism.com contains a listing for the retail store that

13  includes Defendant Uplift's logo, location, phone number and hours of operation.  The

14  Uplift Defendants used proceeds from the sale of marijuana, including the sale of

15  marijuana produced on the Beddow Property and/or the Dinino Property, to purchase

16  goods and services that traveled in interstate commerce.

17          **Defendants' Racketeering Activities Injured Plaintiffs' Property**

18                                      51.

19         Plaintiffs' property consists of approximately 10.83 acres that includes fenced

20  pastures and a small woodland.  It is situated on a one-lane private easement, South

21  Highland Crest Drive (also known as South Highland Crest Lane) (the "Easement"),

22  approximately ¼ mile off of South Lower Highland Road.  Plaintiff live on the property

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1   and their approximately 5,700 square foot timber home sits on top of a slope overlooking

2   Plaintiffs' riding arena and horse pastures.   From Plaintiffs' front windows, wraparound

3   deck and screened porch, they enjoy stunning views of the Cascade foothills and Mt.

4   Adams.

5                                     52.

6        Prior to December 2014, the little neighborhood of six homes along the Easement

7   was quiet and tranquil.  At that time, the Easement was a sleepy driveway, and traffic

8   amounted to just a few vehicles per day, almost all of them residents going to and from

9   their homes.  Plaintiffs and their neighbors often stopped to chat along the Easement, and

10  enjoyed walking their dogs on the Easement on a nearly daily basis.  There was so little

11  concern about crime that Plaintiffs and their neighbors routinely left the doors to their

12  houses and outbuildings unlocked, even when they were not at home.  Plaintiffs and their

13  neighbors enjoyed working in their flower and vegetable gardens, and riding their horses

14  in the open air.  Plaintiffs enjoyed eating meals and entertaining guests outdoors on their

15  deck and in their screened-in porch.

16                                    53.

17       As a direct result of the marijuana production and processing activities on the

18  Beddow Property, the Easement has been transformed into a busy, and at times unsafe,

19  commercial roadway.  Since on or about December 2014, the Marijuana Producer

20  Defendants have continuously used the Easement for the purposes of setting up and

21  operating a marijuana production and processing operation on the Beddow Property.  The

22  Marijuana Producer Defendants and their employees and contractors drove on the

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1   Easement for the purpose of transporting lumber, gravel, concrete, fixtures, electrical

2   supplies, pipes, pumps, plumbing supplies, heating and air conditioning equipment,

3   propane tanks, propane, butane, fertilizer, fungicides, pesticides, potting media, plant

4   containers, pallets, diesel fuel, packaging material and other supplies and equipment for

5   the marijuana production and processing operation.  In addition, the Marijuana Producer

6   Defendants' contractors drove semi trucks, dump trucks, backhoes, bulldozers,

7   excavators, cement mixers and other heavy equipment and vehicles on the Easement to

8   provide services and materials for the marijuana production operation.  The Marijuana

9   Producer Defendants and their employees and contractors drove on the Easement to

10  operate the marijuana production and processing operation on the Beddow Property.  The

11  Beddow Defendants drove on the Easement to monitor and participate in the marijuana

12  production and processing on the Property, and for the purpose of collecting marijuana

13  and proceeds derived from the marijuana operation. The Marijuana Producer Defendants'

14  customers drove on the Easement to inspect and purchase marijuana on the Beddow

15  Property.  The above-described traffic occurred seven days a week, at all hours of the day

16  and night.

17                                            54.

18         Since February 2015, the above-described traffic has caused excessive noise,

19  excessive vibration, exhaust fumes and light pollution on Plaintiffs' property.  Easement

20  users going to and from the marijuana operation on the Beddow Property discarded

21  cigarette butts, candy wrappers, marijuana containers and other litter onto the Easement

22  and onto Plaintiffs' property. Easement users going to and from the marijuana operation

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1  on the Beddow Property drove at unsafe speeds on the Easement, causing many near-

2  collisions with Plaintiffs, their neighbors, other vehicles, pedestrians, and dogs.  The

3  near-collisions so alarmed Plaintiffs and their neighbors that they purchased and installed

4  traffic signs along the Easement.  Easement users going to and from the marijuana

5  operation on the Beddow Property occasionally stopped on the Easement, blocking

6  Plaintiffs' and their neighbors' access to their homes.

7                                                      55.

8         The above-described use of the Easement by vehicles going to and from the

9  marijuana operation on the Beddow Property has damaged the surface of the Easement,

10  causing large cracks in the asphalt and erosion of both the Easement surface and the land

11  supporting the paved surface.

12                                                     56.

13        Some Easement users going to and from the marijuana operation on the Beddow

14  Property have trespassed onto Plaintiff's and their neighbors' property.  The Easement is

15  a narrow, one-lane road, and Easement users going to and from the marijuana operation

16  on the Beddow Property frequently passed other vehicles by driving onto Plaintiffs' and

17  their neighbors' properties, particularly in front of the gated entrance to the Beddow

18  Property.  In rainy months, this activity causes large, muddy ruts on Plaintiffs' and their

19  neighbors' properties, which in turn cause rainwater runoff to flow over the surface of the

20  Easement, damaging its surface and eroding the land supporting the paved surface.

21                                                     57.

22        Some Easement users going to and from the marijuana operation on the Beddow

Page 26 –COMPLAINT

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1   Property deliberately harassed Plaintiffs.  While passing Plaintiffs' property, these

2   Easement users stared menacingly at Plaintiffs, directed obscene gestures at them, peered

3   into Plaintiffs' kitchen window (which looks out onto the Easement), openly used

4   marijuana, rolled their windows down and blasted loud music and dramatically

5   accelerated or decelerated when they observed Plaintiffs outdoors on their property.  On

6   one occasion, Defendant Simonson drove a loud, unmuffled ATV up and down the

7   Easement, gunning the engine as he passed Plaintiffs' kitchen window.  On another

8   occasion, Defendant Angela Kopshy screamed obscenities at Plaintiff Rachel McCart

9   while she was walking dogs on Plaintiffs' property.  For several days in a row, one

10  Easement user with a jacked-up camouflage-painted Chevrolet Suburban with an

11  exceptionally loud engine repeatedly drove up and down the Easement in front of

12  Plaintiffs' property.   All of this behavior unreasonably interfered with, and continues to

13  interfere with, Plaintiffs' quiet enjoyment of their property, and it is directly connected to

14  the marijuana operation on the Beddow Property.

15                                          58.

16          In addition to the harassment activity, the noise, fumes and vibration from the

17  above-described Easement use have unreasonably interfered with Plaintiffs' use and

18  enjoyment of their property.  Plaintiffs' vegetable garden and flowerbeds are adjacent to

19  the Easement, and Plaintiffs can no longer enjoy being outside tending to their plants.

20  Plaintiffs own four horses, and Plaintiffs can no longer enjoy caring for and riding their

21  horses, because their horse barn, pastures and riding arena are adjacent to the Easement.

22  Plaintiffs' pet cemetery is on the upper part of Plaintiffs' property, immediately adjacent

Page 27 –COMPLAINT

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1  to the Easement and near the gated entrance to the Beddow Property, and Plaintiffs can

2  no longer enjoy tending to their beloved pets' grave sites and engaging in quiet

3  remembrance.  When Plaintiffs are in their kitchen, they have to close the blinds to

4  preserve their privacy.

5                                   59.

6        Since on or about mid-summer of 2015, the powerful and unmistakable skunk-

7  like stench of marijuana regularly emanates from the Beddow Property and the Dinino

8  Property and wafts onto Plaintiffs' property.  Depending upon the prevailing winds, the

9  odor is often most noticeable at the front door to Plaintiffs' house and inside Plaintiffs'

10  garage.  When the odor is particularly strong, Plaintiffs cannot enjoy being outside on

11  their property, cannot entertain guests or eat meals on their deck or screened-in porch,

12  and cannot even open the windows of their house.

13                                   60.

14        Since on or about February 2015, noise emanating from the marijuana operation

15  on the Beddow Property has unreasonably interfered with Plaintiffs' quiet enjoyment of

16  their property.  The sound of heavy equipment operation, including excavators still

17  operating at 3:00 a.m., and diesel generators disturb the peace and can often be heard

18  inside Plaintiffs' house.

19                                   61.

20        Guard dogs for the marijuana operation on the Dinino Property unreasonably

21  interfere with Plaintiffs' quiet enjoyment of their property.  Every time Plaintiffs make

22  any noise at all outdoors on their property, such as opening their garage door, opening

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1  their pasture gates, having a conversation at normal volume, emptying a wheelbarrow or

2  starting a lawnmower, the Dinino Defendants' guard dogs erupt in loud barking.

3  Plaintiffs can no longer enjoy using the bridle paths through the small woodland on their

4  property, because the Dinino Defendants' dogs bark and charge the fence, spooking

5  Plaintiffs' horses.  The Dinino Defendants' dogs barking can easily be heard in Plaintiffs'

6  house, even with the windows and doors closed.

7                                              62.

8        As a direct result of Plaintiffs' public opposition to the marijuana operations on

9  the Beddow Property and the Dinino Property, the Dinino Defendants have engaged in

10  intentional conduct that unreasonably interferes with Plaintiffs' use and enjoyment of

11  their property.  On a nearly daily basis, the Dinino Defendants race their loud, unmuffled

12  ATV along Plaintiffs' property line, blast the air horn of their dump truck, and discharge

13  firearms for extended periods.  All of this activity can easily be heard inside Plaintiffs'

14  house, even when the windows and doors are shut.

15                                              63.

16        Since the marijuana operations on the Beddow Property and the Dinino Property

17  began, Plaintiffs and their neighbors no longer feel safe in their own homes.  Beginning

18  in the summer of 2015, concerned about the presence of a drug trafficking operation in

19  their neighborhood, Plaintiffs and their neighbors began to lock their doors, purchased

20  and installed cameras, formed a neighborhood watch, and installed neighborhood watch

21  and "no trespassing" signs on the Easement.  On February 27, 2016, Plaintiffs were

22  hosting a gathering at their home.  Defendant Donald Kopshy drove a vehicle off the

Page 29 –COMPLAINT

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1    Easement and onto Plaintiffs' property, exited the vehicle, and peered into Plaintiffs'

2    kitchen window.  During the period from July 2016-the present, the Marijuana Producers,

3    personally and/or via agent, entered Plaintiffs' property on several occasions and

4    tampered with Plaintiffs' trail camera.  Such person(s) used the Easement to access

5    Plaintiffs' property, opened the back of Plaintiffs' trail camera, removed the SIM card,

6    transported the SIM card off of Plaintiffs' property, accessed the data on the SIM card

7    and deleted data from the SIM card.  In May 2017, Plaintiff Erin McCart looked out

8    Plaintiffs' kitchen window and observed Defendant Angela Kopshy trespass onto

9    Plaintiffs' property and examine Plaintiffs' trail camera, which had recently been moved

10   to a new location on Plaintiffs' property.  On May 23, 2017, Plaintiff Rachel McCart

11   went out to ride one of Plaintiffs' horses and discovered large scorch marks and burned

12   debris on Plaintiffs' mounting block, which is located inside Plaintiffs' riding arena on

13   Plaintiffs' property.  Plaintiffs contacted the Clackamas County Sheriff's Department,

14   and investigating officers determined that someone had trespassed onto Plaintiffs'

15   property and "set a bag of trash on fire" in Plaintiffs' riding arena.

16                                         64.

17        The marijuana operations on the Beddow Property and the Dinino Property not

18   only unreasonably interfere with Plaintiffs' quiet enjoyment of their property, they also

19   have a material adverse impact on the market value of Plaintiffs' property.  Many

20   prospective purchasers will find the mere existence of the marijuana operations next door

21   distasteful because of their patently illegal nature and reputation for attracting burglaries,

22   armed robberies, conflicts involving firearms, and other types of dangerous criminal

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1    activity. No prospective purchaser who visits Plaintiffs' property for more than a few

2    minutes could fail to notice the traffic, odor and noise associated with Defendants'

3    marijuana operations.  And if the prevailing winds are unfavorable, prospective

4    purchasers might very well end their viewing of Plaintiff's property without ever getting

5    out of their vehicles.  No one's idea of a dream home includes noxious odors, invasive

6    and persistent racket, heavy commercial traffic, a location next door to two illegal drug

7    manufacturing sites, or aggressively obnoxious neighbors.  As a result, Plaintiffs'

8    property is worth materially less than it otherwise would be, and will be harder to sell at

9    any price.  Even persons interested in setting up a marijuana operation will find

10   Plaintiffs' property unattractive, because Clackamas County Zoning and Development

11   Ordinances prohibit the production and processing of marijuana on properties located on

12   private easements unless all other easement rights holders consent in writing, and

13   therefore marijuana producers prefer properties with direct road access.

**FIRST CLAIM FOR RELIEF**

**Violation of 18 U.S.C. § 1962(c) and (d)**

**Against All Defendants**

17                                          65.

18   Plaintiffs incorporate by reference and reallege the preceding paragraphs.

19                                          66.

20   As described herein, at all relevant times, the Main Enterprise was an "association

21   in fact" and therefore an "enterprise" as defined in 18 U.S.C. § 1961(4).

22

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1          67.

2          As described herein, each Defendant directed and/or participated in the affairs of

3    the Main Enterprise.

4          68.

5          As described herein, each Defendant violated 18 U.S.C. § 1962(d) by conspiring

6    to violate 18 U.S.C. § 1962(c), and each Defendant also violated 18 U.S.C. § 1962(c) by

7    conducting and/or participating in the Main Enterprise's affairs through a pattern of

8    racketeering.

9          69.

10         As described herein, the Main Enterprise's activities affected interstate

11   commerce.

12         70.

13         As described herein, Defendants' violations of 18 U.S.C. § 1962(c) and (d)

14   directly and proximately injured Plaintiffs' property by interfering with Plaintiffs' use

15   and enjoyment of their property, burdening it with noxious odors, causing physical

16   damage to it,  diminishing its market value and making it more difficult to sell.

17         71.

18         Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the

19   injury to Plaintiffs' property, and to costs.

20

21

22

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1

**SECOND CLAIM FOR RELIEF**

2

**Violation of 18 U.S.C. § 1962(c)**

3

**Against Defendant Simonson**

4

72.

5

Plaintiffs incorporate by reference and reallege the preceding paragraphs.

6

73.

7

At all relevant times, Defendant Hidden Acres was an Oregon limited liability

8

company, and therefore at all relevant times, Defendant Hidden Acres was an

9

"enterprise" as defined in 18 U.S.C. § 1961(4).

10

74.

11

At all relevant times, Defendant Simonson was the sole owner, member and

12

manager of Defendant Hidden Acres.  As such, he conducted and participated in its

13

affairs.

14

75.

15

As described herein, Defendant Simonson violated 18 U.S.C. § 1962(c) by

16

conducting and participating in Defendant Hidden Acres' affairs through a pattern of

17

racketeering.

18

76.

19

As described herein, Defendant Hidden Acres' activities affected interstate

20

commerce.

21

77.

22

As described herein, Defendant Simonson's violations of 18 U.S.C. § 1962(c)

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1    directly and proximately injured Plaintiffs' property by interfering with Plaintiffs' use

2    and enjoyment of their property, burdening it with noxious odors, causing physical

3    damage to it,  diminishing its market value and making it more difficult to sell.

4                                             78.

5         Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the

6    injury to Plaintiffs' property, and to costs.

7                              **THIRD CLAIM FOR RELIEF**

8                             **Violation of 18 U.S.C. § 1962(c)**

9         **Against Defendants Simonson, Angela Kopshy and Donald Kopshy**

10                                            79.

11        Plaintiffs incorporate by reference and reallege the preceding paragraphs.

12                                            80.

13        At all relevant times, Defendant Good Neighbor was an Oregon limited liability

14    company, and therefore at all relevant times, Defendant Good Neighbor was an

15    "enterprise" as defined in 18 U.S.C. § 1961(4).

16                                            81.

17        At all relevant times, Defendants Simonson, Angela Kopshy and Donald Kopshy

18    were the only owners, members and managers of Defendant Good Neighbor.  As such,

19    they conducted and participated in its affairs.

20                                            82.

21        As described herein, Defendants Simonson, Angela Kopshy and Donald Kopshy

22    violated 18 U.S.C. § 1962(c) by conducting and participating in Defendant Good

Page 34 –COMPLAINT

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1  Neighbor's affairs through a pattern of racketeering.

2                                            83.

3        As described herein, Defendant Good Neighbor's activities affected interstate

4  commerce.

5                                            84.

6        As described herein, Defendant Simonson's, Defendant Angela Kopshy's and

7  Defendant Donald Kopshy's violations of 18 U.S.C. § 1962(c) directly and proximately

8  injured Plaintiffs' property by interfering with Plaintiffs' use and enjoyment of their

9  property, burdening it with noxious odors, causing physical damage to it, diminishing its

10  market value and making it more difficult to sell.

11                                           85.

12       Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the

13  injury to Plaintiffs' property, and to costs.

14                            **FOURTH CLAIM FOR RELIEF**

15                          **Violation of 18 U.S.C. § 1962(c)**

16                       **Against Defendants Simonson and Neal**

17                                           86.

18       Plaintiffs incorporate by reference and reallege the preceding paragraphs.

19                                           87.

20       At all relevant times, Defendant Herbaceous was an Oregon limited liability

21  company, and therefore at all relevant times, Defendant Herbaceous was an "enterprise"

22  as defined in 18 U.S.C. § 1961(4).

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email: rachel@equinelegalsolutions.com

1                                      88.

2          At all relevant times, Defendants Simonson and Neal were the only owners,

3    members and managers of Defendant Herbaceous.  As such, they conducted and

4    participated in its affairs.

5                                      89.

6          As described herein, Defendants Simonson and Neal violated 18 U.S.C. § 1962(c)

7    by conducting and participating in Defendant Herbaceous' affairs through a pattern of

8    racketeering.

9                                      90.

10         As described herein, Defendant Herbaceous' activities affected interstate

11   commerce.

12                                     91.

13         As described herein, Defendant Simonson's and Defendant Neal's violations of

14   18 U.S.C. § 1962(c) directly and proximately injured Plaintiffs' property by interfering

15   with Plaintiffs' use and enjoyment of their property, burdening it with noxious odors,

16   causing physical damage to it,  diminishing its market value and making it more difficult

17   to sell.

18                                     92.

19         Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the

20   injury to Plaintiffs' property, and to costs.

21

22

Page 36 –COMPLAINT

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

**FIFTH CLAIM FOR RELIEF**

**Violation of 18 U.S.C. § 1962(c)**

**Against Defendant Neal**

93.

Plaintiffs incorporate by reference and reallege the preceding paragraphs.

94.

At all relevant times, Defendant Greenland was an Oregon corporation, and therefore at all relevant times, Defendant Greenland was an "enterprise" as defined in 18 U.S.C. § 1961(4).

95.

At all relevant times, Defendant Neal was the sole shareholder, officer and director of Defendant Greenland.  As such, he conducted and participated in its affairs.

96.

As described herein, Defendant Neal violated 18 U.S.C. § 1962(c) by conducting and participating in Defendant Greenland's affairs through a pattern of racketeering.

97.

As described herein, Defendant Greenland's activities affected interstate commerce.

98.

As described herein, Defendant Neal's violations of 18 U.S.C. § 1962(c) directly and proximately injured Plaintiffs' property by interfering with Plaintiffs' use and enjoyment of their property, burdening it with noxious odors, causing physical damage to

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1    it, diminishing its market value and making it more difficult to sell.

2                                      99.

3          Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the

4    injury to Plaintiffs' property, and to costs.

5                        **SIXTH CLAIM FOR RELIEF**

6                     **Violation of 18 U.S.C. § 1962(c)**

7                        **Against Defendant Alport**

8                                      100.

9          Plaintiffs incorporate by reference and reallege the preceding paragraphs.

10                                     101.

11         At all relevant times, Defendant Grand was an Oregon limited liability company,

12   and therefore at all relevant times, Defendant Grand was an "enterprise" as defined in 18

13   U.S.C. § 1961(4).

14                                     102.

15         At all relevant times, Defendant Alport was the sole owner, member and manager

16   of Defendant Grand.  As such, he conducted and participated in its affairs.

17                                     103.

18         As described herein, Defendant Alport violated 18 U.S.C. § 1962(c) by

19   conducting and participating in Defendant Grand's affairs through a pattern of

20   racketeering.

21                                     104.

22         As described herein, Defendant Grand's activities affected interstate commerce.

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email: rachel@equinelegalsolutions.com

1

105.

2    As described herein, Defendant Alport's violations of 18 U.S.C. § 1962(c)

3    directly and proximately injured Plaintiffs' property by interfering with Plaintiffs' use

4    and enjoyment of their property, burdening it with noxious odors, causing physical

5    damage to it,  diminishing its market value and making it more difficult to sell.

6    106.

7    Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the

8    injury to Plaintiffs' property, and to costs.

9    **SEVENTH CLAIM FOR RELIEF**

10    **Violation of 18 U.S.C. § 1962(c)**

11    **Against Defendant Alport**

12    107.

13    Plaintiffs incorporate by reference and reallege the preceding paragraphs.

14    108.

15    At all relevant times, Defendant Williams was an Oregon limited liability

16    company, and therefore at all relevant times, Defendant Williams was an "enterprise" as

17    defined in 18 U.S.C. § 1961(4).

18    109.

19    At all relevant times, Defendant Alport was the sole owner, member and manager

20    of Defendant Williams.  As such, he conducted and participated in its affairs.

21    110.

22    As described herein, Defendant Alport violated 18 U.S.C. § 1962(c) by

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1  conducting and participating in Defendant Williams' affairs through a pattern of

2  racketeering.

3  111.

4  As described herein, Defendant Williams' activities affected interstate commerce.

5  112.

6  As described herein, Defendant Alport's violations of 18 U.S.C. § 1962(c)

7  directly and proximately injured Plaintiffs' property by interfering with Plaintiffs' use

8  and enjoyment of their property, burdening it with noxious odors, causing physical

9  damage to it,  diminishing its market value and making it more difficult to sell.

10  113.

11  Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the

12  injury to Plaintiffs' property, and to costs.

13  **EIGHTH CLAIM FOR RELIEF**

14  **Violation of 18 U.S.C. § 1962(c)**

15  **Against Defendant Alport**

16  114.

17  Plaintiffs incorporate by reference and reallege the preceding paragraphs.

18  115.

19  At all relevant times, Defendant BCC was an Oregon limited liability company,

20  and therefore at all relevant times, Defendant BCC was an "enterprise" as defined in 18

21  U.S.C. § 1961(4).

22

Page 40 –COMPLAINT

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1           116.

2           At all relevant times, Defendant Alport was the sole owner, member and manager

3    of Defendant BCC.  As such, he conducted and participated in its affairs.

4           117.

5           As described herein, Defendant Alport violated 18 U.S.C. § 1962(c) by

6    conducting and participating in Defendant BCC's affairs through a pattern of

7    racketeering.

8           118.

9           As described herein, Defendant BCC's activities affected interstate commerce.

10          119.

11          As described herein, Defendant Alport's violations of 18 U.S.C. § 1962(c)

12   directly and proximately injured Plaintiffs' property by interfering with Plaintiffs' use

13   and enjoyment of their property, burdening it with noxious odors, causing physical

14   damage to it,  diminishing its market value and making it more difficult to sell.

15          120.

16          Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the

17   injury to Plaintiffs' property, and to costs.

18          **NINTH CLAIM FOR RELIEF**

19          **Violation of 18 U.S.C. § 1962(c)**

20          **Against Defendant Genovese**

21          121.

22          Plaintiffs incorporate by reference and reallege the preceding paragraphs.

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1                                    122.

2          At all relevant times, Defendant CFA was an Oregon limited liability company,

3   and therefore at all relevant times, Defendant CFA was an "enterprise" as defined in 18

4   U.S.C. § 1961(4).

5                                    123.

6          At all relevant times, Defendant Genovese was the sole owner, member and

7   manager of Defendant CFA.  As such, he conducted and participated in its affairs.

8                                    124.

9          As described herein, Defendant Genovese violated 18 U.S.C. § 1962(c) by

10  conducting and participating in Defendant CFA's affairs through a pattern of

11  racketeering.

12                                   125.

13         As described herein, Defendant CFA's activities affected interstate commerce.

14                                   126.

15         As described herein, Defendant Genovese's violations of 18 U.S.C. § 1962(c)

16  directly and proximately injured Plaintiffs' property by interfering with Plaintiffs' use

17  and enjoyment of their property, burdening it with noxious odors, causing physical

18  damage to it,  diminishing its market value and making it more difficult to sell.

19                                   127.

20         Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the

21  injury to Plaintiffs' property, and to costs.

22

Page 42 –COMPLAINT

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

**TENTH CLAIM FOR RELIEF**

**Violation of 18 U.S.C. § 1962(c)**

**Against Defendant Khanna**

128.

Plaintiffs incorporate by reference and reallege the preceding paragraphs.

129.

At all relevant times, Defendant Divine Kind was an Oregon corporation, and therefore at all relevant times, Defendant Divine Kind was an "enterprise" as defined in 18 U.S.C. § 1961(4).

130.

At all relevant times, Defendant Khanna was the sole shareholder, officer and director of Defendant Divine Kind.  As such, he conducted and participated in its affairs.

131.

As described herein, Defendant Khanna violated 18 U.S.C. § 1962(c) by conducting and participating in Defendant Divine Kind's affairs through a pattern of racketeering.

132.

As described herein, Defendant Divine Kind's activities affected interstate commerce.

133.

As described herein, Defendant Khanna's violations of 18 U.S.C. § 1962(c) directly and proximately injured Plaintiffs' property by interfering with Plaintiffs' use

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1    and enjoyment of their property, burdening it with noxious odors, causing physical

2    damage to it,  diminishing its market value and making it more difficult to sell.

3                                                    134.

4          Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the

5    injury to Plaintiffs' property, and to costs.

6                              **ELEVENTH CLAIM FOR RELIEF**

7                              **Violation of 18 U.S.C. § 1962(c)**

8                              **Against Defendants Cain and Van Dorne**

9                                                    135.

10         Plaintiffs incorporate by reference and reallege the preceding paragraphs.

11                                                   136.

12         At all relevant times, Defendant Tidewater Retail was an Oregon corporation, and

13   therefore at all relevant times, Defendant Tidewater Retail was an "enterprise" as defined

14   in 18 U.S.C. § 1961(4).

15                                                   137.

16         At all relevant times, Defendants Cain and Van Dorne were the only shareholders,

17   officers and directors of Defendant Tidewater Retail.  As such, they conducted and

18   participated in its affairs.

19                                                   138.

20         As described herein, Defendants Cain and Van Dorne violated 18 U.S.C. §

21   1962(c) by conducting and participating in Defendant Tidewater Retail's affairs through

22   a pattern of racketeering.

Page 44 –COMPLAINT

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1          139.

2          As described herein, Defendant Tidewater Retail's activities affected interstate

3   commerce.

4          140.

5          As described herein, Defendant Cain's and Defendant Van Dorne's violations of

6   18 U.S.C. § 1962(c) directly and proximately injured Plaintiffs' property by interfering

7   with Plaintiffs' use and enjoyment of their property, burdening it with noxious odors,

8   causing physical damage to it,  diminishing its market value and making it more difficult

9   to sell.

10          141.

11          Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the

12   injury to Plaintiffs' property, and to costs.

13          **TWELFTH CLAIM FOR RELIEF**

14          **Violation of 18 U.S.C. § 1962(c)**

15          **Against Defendants Cain, Van Dorne and Jennings**

16          142.

17          Plaintiffs incorporate by reference and reallege the preceding paragraphs.

18          143.

19          At all relevant times, Defendant Tidepool OC was an Oregon corporation, and

20   therefore at all relevant times, Defendant Tidepool OC was an "enterprise" as defined in

21   18 U.S.C. § 1961(4).

22

Page 45 –COMPLAINT

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1                                              144.

2          At all relevant times, Defendants Cain, Van Dorne and Jennings were the only

3  shareholders, officers and directors of Defendant Tidepool OC.  As such, they conducted

4  and participated in its affairs.

5                                              145.

6          As described herein, Defendants Cain, Van Dorne and Jennings violated 18

7  U.S.C. § 1962(c) by conducting and participating in Defendant Tidepool OC's affairs

8  through a pattern of racketeering.

9                                              146.

10         As described herein, Defendant Tidepool OC's activities affected interstate

11  commerce.

12                                             147.

13         As described herein, Defendant Cain's, Defendant Van Dorne's and Defendant

14  Jennings' violations of 18 U.S.C. § 1962(c) directly and proximately injured Plaintiffs'

15  property by interfering with Plaintiffs' use and enjoyment of their property, burdening it

16  with noxious odors, causing physical damage to it,  diminishing its market value and

17  making it more difficult to sell.

18                                             148.

19         Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the

20  injury to Plaintiffs' property, and to costs.

21

22

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1

**THIRTEENTH CLAIM FOR RELIEF**

2

**Violation of 18 U.S.C. § 1962(c)**

3

**Against Defendants Cain, Van Dorne and Jennings**

4

149.

5

Plaintiffs incorporate by reference and reallege the preceding paragraphs.

6

150.

7

At all relevant times, Defendant Tidepool Corvallis was an Oregon corporation,

8

and therefore at all relevant times, Defendant Tidepool Corvallis was an "enterprise" as

9

defined in 18 U.S.C. § 1961(4).

10

151.

11

At all relevant times, Defendants Cain, Van Dorne and Jennings were the only

12

shareholders, officers and directors of Defendant Tidepool Corvallis.  As such, they

13

conducted and participated in its affairs.

14

152.

15

As described herein, Defendants Cain, Van Dorne and Jennings violated 18

16

U.S.C. § 1962(c) by conducting and participating in Defendant Tidepool Corvallis'

17

affairs through a pattern of racketeering.

18

153.

19

As described herein, Defendant Tidepool Corvallis' activities affected interstate

20

commerce.

21

154.

22

As described herein, Defendant Cain's, Defendant Van Dorne's and Defendant

Page 47 –COMPLAINT

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1   Jennings' violations of 18 U.S.C. § 1962(c) directly and proximately injured Plaintiffs'

2   property by interfering with Plaintiffs' use and enjoyment of their property, burdening it

3   with noxious odors, causing physical damage to it,  diminishing its market value and

4   making it more difficult to sell.

5                     155.

6        Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the

7   injury to Plaintiffs' property, and to costs.

8                **FOURTEENTH CLAIM FOR RELIEF**

9                  **Violation of 18 U.S.C. § 1962(c)**

10        **Against Defendants Cain, Van Dorne and Jennings**

11                     156.

12        Plaintiffs incorporate by reference and reallege the preceding paragraphs.

13                     157.

14        At all relevant times, Defendant Tidepool East was an Oregon corporation, and

15   therefore at all relevant times, Defendant Tidepool East was an "enterprise" as defined in

16   18 U.S.C. § 1961(4).

17                     158.

18        At all relevant times, Defendants Cain, Van Dorne and Jennings were the only

19   shareholders, officers and directors of Defendant Tidepool East.  As such, they conducted

20   and participated in its affairs.

21                     159.

22        As described herein, Defendants Cain, Van Dorne and Jennings violated 18

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1  U.S.C. § 1962(c) by conducting and participating in Defendant Tidepool East's affairs

2  through a pattern of racketeering.

3                                    160.

4       As described herein, Defendant Tidepool East's activities affected interstate

5  commerce.

6                                    161.

7       As described herein, Defendant Cain's, Defendant Van Dorne's and Defendant

8  Jennings' violations of 18 U.S.C. § 1962(c) directly and proximately injured Plaintiffs'

9  property by interfering with Plaintiffs' use and enjoyment of their property, burdening it

10 with noxious odors, causing physical damage to it,  diminishing its market value and

11 making it more difficult to sell.

12                                   162.

13      Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the

14 injury to Plaintiffs' property, and to costs.

15                    **FIFTEENTH CLAIM FOR RELIEF**

16                    **Violation of 18 U.S.C. § 1962(c)**

17            **Against Defendants Cain, Van Dorne and Jennings**

18                                   163.

19  Plaintiffs incorporate by reference and reallege the preceding paragraphs.

20                                   164.

21      At all relevant times, Defendant Tidepool Milwaukie was an Oregon corporation,

22 and therefore at all relevant times, Defendant Tidepool Milwaukie was an "enterprise" as

Page 49 –COMPLAINT                          Equine Legal Solutions, PC
                                            24150 S. Highland Crest Dr.
                                            Beavercreek, OR 97004
                                            Telephone: (866) 385-2972
                                            Fax: (503) 343-9680
                                            Email:  rachel@equinelegalsolutions.com

1    defined in 18 U.S.C. § 1961(4).

2                                    165.

3         At all relevant times, Defendants Cain, Van Dorne and Jennings were the only

4    shareholders, officers and directors of Defendant Tidepool Milwaukie.  As such, they

5    conducted and participated in its affairs.

6                                    166.

7         As described herein, Defendants Cain, Van Dorne and Jennings violated 18

8    U.S.C. § 1962(c) by conducting and participating in Defendant Tidepool Milwaukie's

9    affairs through a pattern of racketeering.

10                                    167.

11        As described herein, Defendant Tidepool Milwaukie's activities affected

12   interstate commerce.

13                                    168.

14        As described herein, Defendant Cain's, Defendant Van Dorne's and Defendant

15   Jennings' violations of 18 U.S.C. § 1962(c) directly and proximately injured Plaintiffs'

16   property by interfering with Plaintiffs' use and enjoyment of their property, burdening it

17   with noxious odors, causing physical damage to it,  diminishing its market value and

18   making it more difficult to sell.

19                                    169.

20        Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the

21   injury to Plaintiffs' property, and to costs.

22

Page 50 –COMPLAINT

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

## SIXTEENTH CLAIM FOR RELIEF

### Violation of 18 U.S.C. § 1962(c)

### Against Defendants Cain, Van Dorne and Jennings

170.

Plaintiffs incorporate by reference and reallege the preceding paragraphs.

171.

At all relevant times, Defendant Tidepool NE was an Oregon corporation, and therefore at all relevant times, Defendant Tidepool NE was an "enterprise" as defined in 18 U.S.C. § 1961(4).

172.

At all relevant times, Defendants Cain, Van Dorne and Jennings were the only shareholders, officers and directors of Defendant Tidepool NE.  As such, they conducted and participated in its affairs.

173.

As described herein, Defendants Cain, Van Dorne and Jennings violated 18 U.S.C. § 1962(c) by conducting and participating in Defendant Tidepool NE's affairs through a pattern of racketeering.

174.

As described herein, Defendant Tidepool NE's activities affected interstate commerce.

175.

As described herein, Defendant Cain's, Defendant Van Dorne's and Defendant

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1    Jennings' violations of 18 U.S.C. § 1962(c) directly and proximately injured Plaintiffs'

2    property by interfering with Plaintiffs' use and enjoyment of their property, burdening it

3    with noxious odors, causing physical damage to it,  diminishing its market value and

4    making it more difficult to sell.

5                                      176.

6            Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the

7    injury to Plaintiffs' property, and to costs.

8                      **SEVENTEENTH CLAIM FOR RELIEF**

9                      **Violation of 18 U.S.C. § 1962(c)**

10                   **Against Defendants Van Dorne and Jennings**

11                                     177.

12          Plaintiffs incorporate by reference and reallege the preceding paragraphs.

13                                     178.

14          At all relevant times, Defendant Greenlink was an Oregon corporation, and

15   therefore at all relevant times, Defendant Greenlink was an "enterprise" as defined in 18

16   U.S.C. § 1961(4).

17                                     179.

18          At all relevant times, Defendants Van Dorne and Jennings were the only

19   shareholders, officers and directors of Defendant Greenlink.  As such, they conducted

20   and participated in its affairs.

21                                     180.

22          As described herein, Defendants Van Dorne and Jennings violated 18 U.S.C. §

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1    1962(c) by conducting and participating in Defendant Greenlink's affairs through a

2    pattern of racketeering.

3                                          181.

4         As described herein, Defendant Greenlink's activities affected interstate

5    commerce.

6                                          182.

7         As described herein, Defendant Van Dorne's and Defendant Jennings' violations

8    of 18 U.S.C. § 1962(c) directly and proximately injured Plaintiffs' property by interfering

9    with Plaintiffs' use and enjoyment of their property, burdening it with noxious odors,

10   causing physical damage to it,  diminishing its market value and making it more difficult

11   to sell.

12                                         183.

13        Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the

14   injury to Plaintiffs' property, and to costs.

15                      **EIGHTEENTH CLAIM FOR RELIEF**

16                       **Violation of 18 U.S.C. § 1962(c)**

17                  **Against Defendants Van Dorne and Jennings**

18                                         184.

19        Plaintiffs incorporate by reference and reallege the preceding paragraphs.

20                                         185.

21        At all relevant times, Defendant Salmon Run was an Oregon limited liability

22   company, and therefore at all relevant times, Defendant Salmon Run was an "enterprise"

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1  as defined in 18 U.S.C. § 1961(4).

2                                    186.

3        At all relevant times, Defendants Van Dorne and Jennings were the only owners,

4  members and managers of Defendant Salmon Run.  As such, they conducted and

5  participated in its affairs.

6                                    187.

7        As described herein, Defendants Van Dorne and Jennings violated 18 U.S.C. §

8  1962(c) by conducting and participating in Defendant Salmon Run's affairs through a

9  pattern of racketeering.

10                                   188.

11       As described herein, Defendant Salmon Run's activities affected interstate

12  commerce.

13                                   189.

14       As described herein, Defendant Van Dorne's and Defendant Jennings' violations

15  of 18 U.S.C. § 1962(c) directly and proximately injured Plaintiffs' property by interfering

16  with Plaintiffs' use and enjoyment of their property, burdening it with noxious odors,

17  causing physical damage to it,  diminishing its market value and making it more difficult

18  to sell.

19                                   190.

20       Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the

21  injury to Plaintiffs' property, and to costs.

22

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

## NINETEENTH CLAIM FOR RELIEF

### Violation of 18 U.S.C. § 1962(c)

### Against Defendants Cain, Van Dorne and Jennings

191.

Plaintiffs incorporate by reference and reallege the preceding paragraphs.

192.

At all relevant times, Defendant Tidepool CB was an Oregon corporation, and therefore at all relevant times, Defendant Tidepool CB was an "enterprise" as defined in 18 U.S.C. § 1961(4).

193.

At all relevant times, Defendants Cain, Van Dorne and Jennings were the only shareholders, officers and directors of Defendant Tidepool CB.  As such, they conducted and participated in its affairs.

194.

As described herein, Defendants Cain, Van Dorne and Jennings violated 18 U.S.C. § 1962(c) by conducting and participating in Defendant Tidepool CB's affairs through a pattern of racketeering.

195.

As described herein, Defendant Tidepool CB's activities affected interstate commerce.

196.

As described herein, Defendant Cain's, Defendant Van Dorne's and Defendant

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1   Jennings' violations of 18 U.S.C. § 1962(c) directly and proximately injured Plaintiffs'

2   property by interfering with Plaintiffs' use and enjoyment of their property, burdening it

3   with noxious odors, causing physical damage to it,  diminishing its market value and

4   making it more difficult to sell.

5                                   197.

6        Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the

7   injury to Plaintiffs' property, and to costs.

8                        **TWENTIETH CLAIM FOR RELIEF**

9                        **Violation of 18 U.S.C. § 1962(c)**

10                       **Against Defendant Chin**

11                                  198.

12       Plaintiffs incorporate by reference and reallege the preceding paragraphs.

13                                  199.

14       At all relevant times, Defendant Jin's was an Oregon corporation, and therefore at

15   all relevant times, Defendant Jin's was an "enterprise" as defined in 18 U.S.C. § 1961(4).

16                                  200.

17       At all relevant times, Defendant Chin was the only shareholder, officers and

18   directors of Defendant Jin's.  As such, he conducted and participated in its affairs.

19                                  201.

20       As described herein, Defendant Chin violated 18 U.S.C. § 1962(c) by conducting

21   and participating in Defendant Jin's affairs through a pattern of racketeering.

22

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1

202.

2    As described herein, Defendant Jin's activities affected interstate commerce.

3

203.

4    As described herein, Defendant Chin's violations of 18 U.S.C. § 1962(c) directly

5 and proximately injured Plaintiffs' property by interfering with Plaintiffs' use and

6 enjoyment of their property, burdening it with noxious odors, causing physical damage to

7 it,  diminishing its market value and making it more difficult to sell.

8

204.

9    Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the

10 injury to Plaintiffs' property, and to costs.

11

**TWENTY-FIRST CLAIM FOR RELIEF**

12

**Violation of 18 U.S.C. § 1962(c)**

13

**Against Defendant Pratt**

14

205.

15    Plaintiffs incorporate by reference and reallege the preceding paragraphs.

16

206.

17    At all relevant times, Defendant Nectar was an Oregon limited liability company,

18 and therefore at all relevant times, Defendant Nectar was an "enterprise" as defined in 18

19 U.S.C. § 1961(4).

20

207.

21    At all relevant times, Defendant Pratt was the only owner, member and manager

22 of Defendant Nectar.  As such, he conducted and participated in its affairs.

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1        208.

2        As described herein, Defendant Pratt violated 18 U.S.C. § 1962(c) by conducting

3   and participating in Defendant Nectar's affairs through a pattern of racketeering.

4        209.

5        As described herein, Defendant Nectar's activities affected interstate commerce.

6        210.

7        As described herein, Defendant Pratt's violations of 18 U.S.C. § 1962(c) directly

8   and proximately injured Plaintiffs' property by interfering with Plaintiffs' use and

9   enjoyment of their property, burdening it with noxious odors, causing physical damage to

10  it,  diminishing its market value and making it more difficult to sell.

11       211.

12       Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the

13  injury to Plaintiffs' property, and to costs.

14                    **TWENTY-SECOND CLAIM FOR RELIEF**

15                    **Violation of 18 U.S.C. § 1962(c)**

16                    **Against Defendant Chappel**

17       212.

18       Plaintiffs incorporate by reference and reallege the preceding paragraphs.

19       213.

20       At all relevant times, Defendant Jims was an Oregon limited liability company,

21  and therefore at all relevant times, Defendant Jims was an "enterprise" as defined in 18

22  U.S.C. § 1961(4).

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1      214.

2      At all relevant times, Defendant Chappel was the only owner, member and

3  manager of Defendant Jims.  As such, he conducted and participated in its affairs.

4      215.

5      As described herein, Defendant Chappel violated 18 U.S.C. § 1962(c) by

6  conducting and participating in Defendant Jims' affairs through a pattern of racketeering.

7      216.

8      As described herein, Defendant Jims' activities affected interstate commerce.

9      217.

10      As described herein, Defendant Chappel's violations of 18 U.S.C. § 1962(c)

11  directly and proximately injured Plaintiffs' property by interfering with Plaintiffs' use

12  and enjoyment of their property, burdening it with noxious odors, causing physical

13  damage to it,  diminishing its market value and making it more difficult to sell.

14      218.

15      Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the

16  injury to Plaintiffs' property, and to costs.

17      **TWENTY-THIRD CLAIM FOR RELIEF**

18      **Violation of 18 U.S.C. § 1962(c)**

19      **Against Defendants James Fisher and Kevin Fisher**

20      219.

21      Plaintiffs incorporate by reference and reallege the preceding paragraphs.

22

Page 59 –COMPLAINT

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1          220.

2          At all relevant times, Defendant Uplift was an Oregon limited liability company,

3    and therefore at all relevant times, Defendant Uplift was an "enterprise" as defined in 18

4    U.S.C. § 1961(4).

5          221.

6          At all relevant times, Defendants James Fisher and Kevin Fisher were the only

7    owners, members and managers of Defendant Uplift.  As such, they conducted and

8    participated in its affairs.

9          222.

10         As described herein, Defendants James Fisher and Kevin Fisher violated 18

11   U.S.C. § 1962(c) by conducting and participating in Defendant Uplift's affairs through a

12   pattern of racketeering.

13         223.

14         As described herein, Defendant Uplift's activities affected interstate commerce.

15         224.

16         As described herein, Defendant James Fisher's and Defendant Kevin Fisher's

17   violations of 18 U.S.C. § 1962(c) directly and proximately injured Plaintiffs' property by

18   interfering with Plaintiffs' use and enjoyment of their property, burdening it with noxious

19   odors, causing physical damage to it,  diminishing its market value and making it more

20   difficult to sell.

21         225.

22         Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email:  rachel@equinelegalsolutions.com

1 | injury to Plaintiffs' property, and to costs.

2 | **RELIEF REQUESTED**

3 | WHEREFORE, Plaintiffs pray for judgment as follows:

4 | Against all Defendants:

5 | 1. For three times the damages to their property caused by Defendants'

6 | racketeering activities;

7 | 2. For an award of costs; and

8 | 3. For such other and further relief as the Court shall deem equitable.

9 | DATED June 13, 2017

10 |

11 | /s/ Rachel E. Kosmal McCart

Rachel E. Kosmal McCart, Esq., OSB 190172

12 | Equine Legal Solutions, PC
24150 S. Highland Crest Dr.

13 | Beavercreek, OR 97004
Telephone: (866) 385-2972

14 | Fax: (503) 343-9680
Attorney for Plaintiffs

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

Page 61 –COMPLAINT

Equine Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (866) 385-2972
Fax: (503) 343-9680
Email: rachel@equinelegalsolutions.com